JOSEPH H. HUNT
Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
Aviation, Space & Admiralty Litigation
VICKEY L. QUINN
Trial Attorney, West Coast Office
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6645
Facsimile: (415) 436-6632
E-mail: vickey.l.quinn@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: |
| Plaintiff, | IN ADMIRALTY |
| vs. | **VERIFIED COMPLAINT OF THE UNITED STATES** |
| ROBERT D. ROBINSON, | |
| Defendant. | |

//

//

//

//

VERIFIED COMPLAINT        1        Case No.:

Plaintiff, the United States of America, alleges upon information and belief as follows:

## GENERAL ALLEGATIONS

1. This is a case of admiralty and maritime jurisdiction against defendant ROBERT D. ROBINSON, an individual, as hereinafter more fully appears, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States expressly reserves the right to amend this Complaint to include, *inter alia*, additional claims and additional parties.

3. The United States is authorized to bring this suit pursuant to 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717, and 42 U.S.C. § 9613.

4. Venue is properly in this Court pursuant to 28 U.S.C. §§ 1391, 33 U.S.C. § 2717, and 42 U.S.C. § 9613.

5. The United States also brings this action on behalf of the Oil Spill Liability Trust Fund ("Fund"), pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq*., to recover any and all removal costs and damages incurred directly by the Fund, any removal costs and damages incurred by the Fund through compensation paid to any claimant, and all costs incurred by the Fund by reason of any such claims, including interest, prejudgment interest, adjudicative costs, and attorney's fees.

6. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the right to amend this Verified Complaint to assert any or all subrogated rights and claims.

7. At all times material herein, the M/V CHALLENGER (hereafter "CHALLENGER" or "Vessel") was a vessel, *inter alia*, owned and operated in the United States

and at all times material herein was within the jurisdiction of this Court.

8. Defendant ROBERT D. ROBINSON, pursuant to information or belief, is a resident of Juneau, Alaska. At all material times ROBERT D. ROBINSON was within this district and within the jurisdiction of this Court, including, but not limited to, through ownership and operation of the CHALLENGER at the time of, and with respect to, the matters sued upon herein.

9. At all times material herein, defendant ROBERT D. ROBINSON owned the CHALLENGER.

10. At all times material herein, defendant ROBERT D. ROBINSON operated the CHALLENGER.

11. At all times material herein, defendant ROBERT D. ROBINSON managed the CHALLENGER.

12. At all times material herein, defendant ROBERT D. ROBINSON demise chartered the CHALLENGER.

13. At all times material herein, defendant ROBERT D. ROBINSON controlled the CHALLENGER.

14. At all material times the CHALLENGER was a "vessel" within the meaning of, *inter alia*, the OPA, 33 U.S.C. § 2701(37), and the CERCLA, 42 U.S.C. § 9601(28).

15. At all relevant times, the CHALLENGER contained oil, as such term is defined under the OPA, 33 U.S.C. § 2701 *et seq.*

16. At all relevant times, the CHALLENGER contained hazardous substances, as such term is defined in the CERCLA, 42 U.S.C. § 9601 *et seq.*, and implementing regulations.

17. At all times material herein, and by reason of the matters alleged in this Complaint, defendant ROBERT D. ROBINSON is a "responsible party" within the meaning of the Oil

Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

18. At all times material herein, defendant ROBERT D. ROBINSON was within the scope of entities specified in the CERCLA, 42 U.S.C. § 9607(a), with respect to hazardous substances and the matters alleged in this Complaint.

19. The CHALLENGER was a wood-hulled, 96-foot converted tug built in 1944 with a fuel capacity of 8,500 gallons and a lube oil capacity of 1,000 gallons.

20. On or about September 12, 2015, the CHALLENGER sank, causing oil to be discharged from the Vessel, thereby creating a sheen upon navigable waters of the United States.

21. The United States Coast Guard Sector Juneau responded to the call that the CHALLENGER had sunk in 40 feet of water, 400 yards from shore.

22. When Sector Juneau arrived on scene, only the mast and a small part of the pilothouse were above water. The Coast Guard observed a sheen of oil that had discharged from the Vessel and into navigable waters of the United States.

23. Response personnel deployed a hard boom to contain the oil sheen, and marked the Vessel as a navigation hazard.

24. At the time of the sinking, and in addition to the oil that had discharged from the Vessel, the hull was saturated with diesel and weathered diesel inside the superstructure.

25. The incident occurred in close proximity to both the Mendenhall Wetlands and the Douglas Island Pink and Chum salmon hatchery, which anticipated a total salmon fry release of 300 million eggs for the 2015 season, beginning in February. Due to the condition of the Vessel, its sinking, the existing actual discharge of oil, the oil and hazardous substances aboard the Vessel, and the location of the sinking in a highly environmentally sensitive area, the Vessel constituted a substantial threat of discharge of oil and hazardous substances into navigable waters of the United

States and onto its adjoining shorelines.

26. The United States Coast Guard ("USCG") Federal On Scene Coordinator ("FOSC") established a Unified Command comprised of both Federal, State, and local stakeholders to deal with the sinking of the Challenger.

27. Defendant ROBINSON failed to take action to respond to the incident and/or mitigate the discharge and the substantial threat of discharge.

28. Under authority of the Clean Water Act, 33 U.S.C. § 1321 *et seq*., the FOSC retained Global Diving and Salvage to conduct fuel and hazardous materials removals, and Southeast Alaska Literage ("SEAL") to deploy and maintain boom around the vessel.

29. Within the first two weeks of response, approximately 80 pounds of soiled absorbent material was collected. Some oil and hazardous materials were removed, but additional quantities were located in the engine compartments and tanks below deck, and were considered difficult and/or impossible to access in a manner that would not threaten the safety of personnel responding to the incident.

30. After a series of Unified Command consultations, meetings with stakeholders, and multiple unsuccessful attempts by divers to reach the Vessel's tanks, the FOSC sought approval from the USCG Commandant to raise and destroy the CHALLENGER. The Commandant approved the vessel destruction request on or about January 14, 2016.

31. From approximately January 26 until March 10, 2016, the CHALLENGER was raised, dewatered, refloated, towed, and cut into pieces for disposal. The operation was extensive and required the use of a crane barge, an 18-ton crane, 2 landing craft, a skiff, divers, generators, and a 20-foot heated container.

32. Asbestos abatement testing revealed 20% asbestos on piping and in insulation and

65% asbestos found in fibers in exhaust lagging. The vessel's paint also contained significant quantities of lead, and a greater amount in the metal components. Each of the foregoing materials comprise hazardous substances within the meaning of CERCLA.

33. Lead and asbestos abatement activities were conducted as part of the oil removal and Vessel destruction operation. The CHALLENGER was towed to the final shore-side site for deconstruction. A total of approximately 2,038 gallons of oily water mixtures were removed from the CHALLENGER.

34. The National Pollution Fund Center (NPFC) sent a Notice of Potential Liability (NOPL) letter to defendant ROBINSON informing him that the CHALLENGER was identified as a source of a pollution incident.

35. On September 11, 2017, the NPFC sent a bill to defendant ROBINSON for $2,541,197.98. To date, no payments have been made by defendant ROBINSON and all such amounts are due and owing.

36. The present Complaint does not assert claims for Natural Resource Damages, and the United States expressly reserves the right to bring any and all claims and causes of action for Natural Resource Damages.

37. The present Complaint does not assert claims for civil penalties, including, but not limited to, civil penalty claims pursuant to the Clean Water Act, 33 U.S.C. § 1321(b)(7), and the United States expressly reserves the right to bring any and all claims and causes of action for civil penalties.

## AS AND FOR A FIRST CAUSE OF ACTION
## OIL POLLUTION ACT OF 1990

38. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

39. Pursuant to the Oil Pollution Act of 1990, each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

40. Pursuant to the Oil Pollution Act, defendant ROBERT D. ROBINSON is liable to the United States of America for all such costs, damages, interest, and/or disbursements, in addition to statutory attorneys' fees allowed under OPA, as a result of the matters alleged herein.

### AS AND FOR A SECOND CAUSE OF ACTION
### OIL POLLUTION ACT OF 1990

41. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

42. Pursuant to the Oil Pollution Act of 1990, the Fund shall be subrogated to all rights, claims and causes of action of claimants to whom it has paid compensation.

43. As a result of the OPA Incidents described herein, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the Oil Pollution Act of 1990.

44. Pursuant to the Oil Pollution Act, defendant ROBERT D. ROBINSON is liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund, in addition to statutory attorneys' fees allowed under OPA, as a result of the matters alleged herein.

### AS AND FOR A THIRD CAUSE OF ACTION
### OIL POLLUTION ACT OF 1990

45. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

46. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions against defendant ROBERT D. ROBINSON that said defendant is liable for removal costs and damages in any such subsequent action or actions.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(CERCLA, 42 U.S.C. §§ 9601 *et seq*.)**

47. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

48. Pursuant to the CERCLA, 42 U.S.C. §§ 9601 *et seq*., including, but not limited to 42 U.S.C. § 9607, owners, operators, and other entities pertaining to vessels and facilities from which hazardous substances are released, or which pose the substantial threat of release, into the environment and/or navigable waters of the United States, as defined at 42 U.S.C. § 9601(25) and authorized by Section 104 of the CERCLA, 42 U.S.C. § 9604, are strictly liable for all costs specified in the Act.

49. Defendant ROBERT D. ROBINSON is liable to the United States by virtue of Section 107(a) of the CERCLA, 42 U.S.C. § 9607(a), for all response costs, remedial costs, and other costs incurred and to be incurred by the United States in connection with the Removal and Response Action pertaining to hazardous substances on and/or discharged from the CHALLENGER.

**AND AS FOR A FIFTH CAUSE OF ACTION**
**(CERCLA, 42 U.S.C. § 9613(g))**

50. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of its complaint.

51. Pursuant to Section 113(g)(2) of the CERCLA, 42 U.S.C. § 9613(g) and 28 U.S.C.

§ 2201, the United States also seeks a declaratory judgment on liability for response costs that will be binding on any subsequent action to recover further response costs.

### AS AND FOR A SIXTH CAUSE OF ACTION
### 28 U.S.C. § 3001, *et seq*.

52. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

53. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant ROBERT D. ROBINSON, in breach of law, including, but not limited to, in violation of the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., has, inter alia, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

54. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant ROBERT D. ROBINSON, in breach of law, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign his assets, including real property, so as to prejudice and cause irreparable harm to the United States.

55. All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

56. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. As a result of the foregoing, defendant ROBERT D. ROBINSON shall, pursuant to law and statute, be enjoined from further transferring, selling, spinning off, and assigning, or attempting to transfer, sell, spin off, and assign, their assets,

including real property, so as to prejudice and cause irreparable harm to the United States.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (PRIORITY OF GOVERNMENT CLAIMS, 31 U.S.C. § 3713)

57. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

58. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant ROBERT D. ROBINSON, in breach of law, has, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

59. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant ROBERT D. ROBINSON, in breach of law, including, but not limited to, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign their assets, including proceeds of insurance, so as to prejudice and cause irreparable harm to the United States.

60. All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

61. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. Pursuant to law and statute, defendant ROBERT D. ROBINSON and his officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on his behalf or with his authorization, are required to discharge their foregoing debt to the United States prior to discharging any other debt or payment.

62. To the extent that defendant ROBERT D. ROBINSON, and/or his officers,

servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on his behalf or with his authorization, have discharged claims or debts to any other person or entity other than the United States, or in the future discharge claims or debts to any person or entity other than the United States in contravention of, inter alia, 31 U.S.C. § 3713, defendant ROBERT D. ROBINSON, and/or his officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on his behalf or with his authorization, are liable to the United States for the amount of any such payments.

63. With respect to any payments in contravention of 31 U.S.C. § 3713, and pursuant to 31 U.S.C. § 3713(b), any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities making such payments are personally liable to the United States for the amount of any such payments.

64. The United States reserves the right to amend this Complaint to add additional claims, causes of action, and parties, including, but not limited to, in their individual capacity, any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities who, in contravention of 31 U.S.C. § 3713(a) and (b), have already discharged, or in the future discharge claims or debts to any person or entity other than the United States.

**WHEREFORE**, the United States of America prays as follows:

1. That United States of America be granted judgment against ROBERT D. ROBINSON, pursuant to the complaint of the United States herein;

2. That the United States of America be granted declaratory judgment against ROBERT D. ROBINSON, for removal costs or damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees;

3. The United States expressly reserves the right to amend this complaint to add parties and/or causes of action, as may be necessary;

4. For such other relief as the Court deems just and proper in the premises.

Dated: November 8, 2018

JOSEPH H. HUNT
Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division

s/ Vickey L. Quinn
VICKEY L. QUINN
Trial Attorney, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice

Of Counsel

HELKEI HEMMINGER
National Pollution Funds Center
United States Coast Guard

Attorneys for Plaintiff
United States of America

# VERIFICATION

Vickey L. Quinn says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf. I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: November 8, 2018                     s/Vickey L. Quinn
                                            VICKEY L. QUINN